UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAY ISLAND YACHT CLUB,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF UNIVERSITY PLACE,<br><br>Defendant. | CASE NO. 3:23-cv-5652<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO ADD PARTIES |

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Day Island Yacht Club's ("Yacht Club") motion to extend the deadline to add parties. Dkt. No. 17. Defendant City of University Place ("University Place") does not oppose Yacht Club's motion. *See* Dkt. No. 19. For the reasons stated below, the Court GRANTS in part Yacht Club's motion and extends the deadline to add parties to January 26, 2024.

## 2. BACKGROUND

This is a citizen suit brough under the Clean Water Act (CWA), 33 U.S.C. § 1365. Yacht Club alleges University Place failed to maintain the Day Island Bridge Pond, which is a stormwater detention pond. As a result, silt-laden surface

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO ADD PARTIES - 1

water overflows and discharges from the pond into the Yacht Club's tideland property. According to the Yacht Club, these discharges not only violate University Place's Western Washington Phase II Municipal Stormwater Permit and the Clean Water Act, but also interferes with Yacht Club members' enjoyment of the recreational areas along the tidelands.

At the time Yacht Club filed this lawsuit, it believed University Place owned and controlled the Day Island Bridge Pond property. Therefore, it listed only University Place as the sole defendant. In its answer, however, University Place alleged that the pond is located on land owned by the City of Tacoma. Accordingly, Yacht Club sent a CWA Notice of Intent to Sue to Tacoma and an Amended and Supplemental Notice of Intent to Sue to University Place. Now Yacht Club seeks to add Tacoma as a named defendant.

In its motion, Yacht Club asks for two, alternative forms of relief. First, Yacht Club moves to extend the deadline to add parties from December 1, 2023, to January 12, 2024 (i.e., 42 days). Second, in the absence of an extension, the Yacht Club asks the Court to authorize its proposed amended complaint, which adds Tacoma as a party and asserts additional claims against both Defendants. Yacht Club urges the Court to grant an extension over amendment because it will allow Tacoma an opportunity to respond to the Notice of Intent to Sue, which "may raise issues that are not anticipated." Dkt. No. 17 at 6. Therefore, Yacht Club argues, "it will be beneficial and more efficient to have the benefit of Tacoma's response before finalizing an[y] claims to be asserted against Tacoma in the Amended Complaint." *Id.*

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO ADD PARTIES - 2

### 3. DISCUSSION

Under Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Good cause exists if the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Here, good cause exists to extend the deadline to add parties. Yacht Club acted diligently by searching public records before filing suit and then sending their Notice of Intent to Sue to Tacoma when it learned Tacoma would be potentially involved. Because the proposed January 12, 2024, deadline has passed, the Court sets January 26, 2024, as the new deadline to add Tacoma as a party. Given that Yacht Club anticipates further amendments to its complaint after it receives Tacoma's response to its Notice of Intent to Sue, the Court agrees the most efficient course is to extend the deadline to allow the Yacht Club to add Tacoma as a defendant, rather than grant leave to amend, even though the claims are likely to change. Because the Court grants the Yacht Club's first choice for relief, the Court DENIES without prejudice the Yacht Club's request to file the proposed amended complaint for now.

Accordingly, the Court GRANTS in part the Yacht Club's motion and extends the deadline to add parties to January 26, 2024.

Dated this 17th day of January, 2024.

	Jamal N. Whitehead
	United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO ADD PARTIES - 4