UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAY ISLAND YACHT CLUB,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF UNIVERSITY PLACE and<br>CITY OF TACOMA,<br><br>　　　　Defendants. | CASE NO. 3:23-cv-5652-JNW<br><br>ORDER |

## 1.　INTRODUCTION

This matter comes before the Court on Defendant City of Tacoma's motion seeking leave to amend its answer to add crossclaims against Defendant City of University Place. Dkt. No. 45. The Court has considered the papers submitted in support of and opposition to the motion, and being otherwise informed, finds oral argument unnecessary. For the reasons stated below, the Court GRANTS in part the motion for leave to amend.

## 2.　BACKGROUND

This is a citizen suit brought under the Clean Water Act (CWA), 33 U.S.C. § 1365. Dkt. No. 27 ¶ 1. Plaintiff Day Island Yacht Club ("Yacht Club") alleges

ORDER - 1

Defendant University Place failed to maintain the Day Island Bridge Pond, a stormwater detention pond. *Id.* As a result, silt-laden surface water overflows and discharges from the pond into the Yacht Club's tideland property and the Puget Sound. *Id.* According to the Yacht Club, these discharges not only violate University Place's Western Washington Phase II Municipal Stormwater Permit and the CWA, but also interfere with Yacht Club members' enjoyment of the recreational areas along the tidelands. *Id.* ¶¶ 14, 50-56.

When Yacht Club filed this lawsuit, it believed University Place owned and controlled the Day Island Bridge Pond property. *Id.* ¶ 62. University Place alleges that some of the Day Island Bridge Pond and elements of the stormwater system are "located on land owned by the City of Tacoma or within City of Tacoma rights-of-way." Dkt. No. 13 at 8. Yacht Club amended its complaint to include Tacoma as a Defendant. *See* Dkt. No. 27. Yacht Club alleges that, although University Place remains jointly responsible for inadequate maintenance, Tacoma also violated the CWA by failing to coordinate with University Place to appropriately maintain the at-issue stormwater facilities. Dkt. No. 27 ¶¶ 65, 75.

Tacoma answered, alleging a crossclaim against University Place, which it withdrew soon after. *See* Dkt. Nos. 36, 39. Tacoma says it did so to file a Tort Claim form under RCW 4.96.020 with University Place and to provide 60-days' notice before bringing its action. Dkt. No. 45 at 2-3. Now, Tacoma wishes to amend its answer to reassert its crossclaim against University Place. *Id.* Although University Place does not oppose amendment, it maintains its affirmative defense that Tacoma's cross claim "is barred by noncompliance with the tort claim statute," and

ORDER - 2

that the Court should decide the merits of its defense at a later time. Dkt. No. 47 at 4. Tacoma, however, requests that the Court grant its motion to amend "and, in doing so, determine that the procedural requirements of RCW 4.96.020 are met[.]" Dkt. No. 50 at 7.

### 3. DISCUSSION

The Court must decide under Rule 15 whether leave to amend should be permitted. Under Rule 15(a), leave to amend must be given freely as required by justice. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). "This policy is 'to be applied with extreme liberality.'" *Neaman v. Wash. State Dep't of Corr.*, No. C24-5176 BHS, 2024 WL 3845710, at *1 (W.D. Wash. 2024) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). As a result, courts generally grant leave to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because University Place does not object, the Court finds no reason to deny Tacoma leave to amend. That said, Tacoma impermissibly seeks a decision from this Court on the merits of University Place's anticipated affirmative defense about the adequacy of Tacoma's Tort Claim form. A motion to amend a pleading is not the proper vehicle for a decision on the merits. Accordingly, the Court GRANTS Tacoma

leave to amend its answer to add its crossclaim but does not make any ruling with respect to whether it met RCW 4.96.020's procedural requirements.

## 4.  CONCLUSION

In sum, the Court GRANTS in part Tacoma's motion to amend its answer to add crossclaims against University Place, Dkt. No. 45, as shown in its proposed Second Amended Answer and Crossclaims Against City of University Place, Dkt. No. 45, Exhibit 1, within seven days of this order.

Dated this 25th day of November, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 4