UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAY ISLAND YACHT CLUB, | CASE NO. 3:23-cv-5652 |
| Plaintiff, | ORDER |
| v. | |
| CITY OF UNIVERSITY PLACE and CITY OF TACOMA, | |
| Defendants. | |
| CITY OF TACOMA, | |
| Cross-Claimant, | |
| v. | |
| CITY OF UNIVERSITY PLACE, | |
| Cross-Defendant. | |

## 1. INTRODUCTION

This is a citizen suit under the Clean Water Act (CWA), 33 U.S.C. § 1365. Dkt. No. 27 ¶ 1. Plaintiff Day Island Yacht Club ("Yacht Club") alleges that Defendants City of University Place and City of Tacoma violated the CWA by failing to maintain the Day Island Bridge Pond, a stormwater detention pond. *Id.* ¶¶ 14,

ORDER - 1

50-56. Tacoma also brings crossclaims against University Place for trespass and public nuisance. Dkt. No. 58 ¶¶ 5-15.

Before the Court are two motions seeking relief from the case schedule: first, University Place moves to extend the expert disclosure deadline, Dkt. No. 51; and second, Tacoma requests a three-month continuance for all remaining pretrial deadlines and the trial date, Dkt. No. 62. Yacht Club opposes extending the expert disclosure deadline but does not oppose Tacoma's proposed continuance. Dkt. Nos. 54; 64 at 43. Although both parties ask the Court to modify the case schedule, Tacoma is the only one that demonstrates good cause for the requested relief. Thus, the Court DENIES University Place's motion and GRANTS Tacoma's motion.

## 2. BACKGROUND

When Yacht Club filed this lawsuit, it believed University Place owned and controlled the Day Island Bridge Pond property. Dkt. No. 27 ¶ 62. University Place, however, alleges that some of the Day Island Bridge Pond and elements of the stormwater system are "located on land owned by the City of Tacoma or within City of Tacoma rights-of-way." Dkt. No. 13 at 8. The Court granted Yacht Club's motion to amend to add Tacoma as a Defendant and extended the expert disclosure deadline by two weeks to March 18. Dkt. No. 26.

On March 18, 2024, Yacht Club disclosed to University Place its expert witnesses and their full reports. Dkt. Nos. 55 ¶ 11, 16-18. In exchange, University Place identified its retained experts, Jeff Parsons and Rebecca Dugopolski, as well as their CVs, rates, and the subject matter of their anticipated opinions. *Id.* at 21-

32. But University Place did not provide expert reports or explain the bases on which their experts reached their anticipated opinions. *Id.* ¶ 12.

On April 29, 2024, the Court issued a new scheduling order to accommodate Tacoma's recent appearance in the case. Dkt. No. 35. The Court reset the expert disclosure deadline to November 18, 2024. *Id.* The Court also set December 18, 2024, and January 17, 2025, as the deadlines to file discovery motions and to complete discovery. *Id.*

Despite this extension, University Place failed to promptly respond to Yacht Club's discovery requests. On March 22, 2024, Yacht Club served University Place with its first set of interrogatories and requests for production. Dkt. No. 64 ¶ 2. On September 27, 2024, University Place provided its first set of responsive documents. *Id.* ¶ 4. A few months later, on December 16, 2024, University Place provided a second set of responsive documents but told Yacht Club and Tacoma that it would produce additional documents at an unspecified time. *Id.* at 64. University Place says this third production will include emails from witnesses, Jack Ecklund and Gary Cooper, who Tacoma intends to depose on December 19 and 20, 2024. *Id.* ¶ 15.

In recent days, University Place provided Yacht Club and Tacoma with a "draft" expert report on December 11, 2024. Despite promising to provide final reports "as soon as [they] become[ ] available," University Place has produced nothing to date. Dkt. Nos. 59 ¶ 4; 64 ¶ 8.

# 3. DISCUSSION

**3.1   Rule 16 standard.**

A district court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). Good cause exists if the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment. Accordingly, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6).

**3.2   University Place's motion to extend the expert disclosure deadline.**

On November 15, 2024, three days before the deadline, University Place moved for an extension of the expert disclosure cutoff, arguing that the peer-review process of their expert witnesses' formal reports "has taken longer than expected." Dkt. No. 51 at 2. So University Place asks the Court to allow it until December 6 to disclose formal reports. *Id.* at 2. Yacht Club and Tacoma disclosed their experts and written reports by the November 18 deadline. Dkt. No. 55 ¶ 18.

Yacht Club objects to University Place's request, arguing that it "offers no facts or analysis to demonstrate that good cause exists for the requested extension." Dkt. No. 54 at 12. Yacht Club also argues that "[d]espite knowing all relevant issues since 2023, having the benefit of [Yacht Club's] primary expert report for ten months, . . . and having complete control over the necessary information without

needing to conduct discovery, [University Place] failed to meet the November 18, 2024 deadline and . . . waited until November 14 to reach out to the parties to seek an extension." *Id.* University Place did not reply to Yacht Club's arguments. *See generally* Dkt.

Yacht Club raises good points at every turn. University Place does not show that it acted diligently to meet the expert disclosure deadline. Indeed, it fails to put forth any argument to the Court as to why its expert reports have been delayed for so long despite already receiving an extension of the case schedule. Because the Court finds University Place fails to show it diligently worked to meet the deadline, good cause for an extension is lacking. Accordingly, the Court DENIES University Place's motion, Dkt. No. 51.

**3.3   Tacoma's motion to continue pretrial deadlines and the trial date.**

Tacoma moves for a three-month continuance of the trial date as well as the remaining pretrial deadlines; specifically, the deadlines to file discovery motions, complete discovery, file dispositive motions, conduct a settlement conference, file motions in limine, submit deposition designations, file an agreed pretrial order, submit trial briefs, and hold a pretrial conference. Dkt. No. 62 at 6-7.

Tacoma argues that despite its diligence, University Place "has not produced the additional documents in time for Tacoma to prepare for the upcoming depositions of key witnesses . . . including [University Place's] current Director of Public Works and his immediate predecessor." *Id.* at 6. Tacoma further argues it

will suffer prejudice if the Court denies its proposed continuance because of University Place's delays in providing the documents and expert reports. *Id.* at 5.

University Place agrees to the proposed extension. Dkt. No. 64 at 40. Yacht Club does not oppose the continuance but, absent extraordinary circumstances, will not consent to any further delays. *Id.* at 43. Because the motion is unopposed, the Court construes it as a same-day motion and will decide the matter now rather than waiting for the January 6, 2025, noting date that Tacoma selected. *See* LCR 7(d)(1).

The Court finds that good cause exists to continue the case schedule because, despite its diligence, Tacoma could face prejudice on account of University Place's delayed production if forced to continue with its scheduled depositions. And as the latest party added to this litigation, it is understandable that Tacoma may be behind the other parties in developing its case.

Accordingly, the Court GRANTS Tacoma's motion, Dkt. No. 62, and sets the following case schedule:

| EVENT | DATE |
|---|---|
| BENCH TRIAL begins | September 15, 2025 |
| Length of trial | 9 days |
| All motions related to discovery must be filed by (*see* LCR 7(d)) | March 19, 2025 |
| Discovery completed by | April 18, 2025 |
| All dispositive motions and motions challenging expert witness testimony (i.e., *Daubert* motions) must be filed by (*see* LCR 7(d)) | May 19, 2025 |
| Settlement conference under LCR 39.1(c)(2) must | July 17, 2025 |

| EVENT | DATE |
|---|---|
| be held no later than | |
| All motions in limine must be filed by (see LCR 7(d)) | August 6, 2025 |
| Deposition Designations must be submitted to the Court by (see LCR 32(e)) | August 25, 2025 |
| Agreed pretrial order due | August 25, 2025 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions must be filed by | September 1, 2025 |
| Pretrial conference | September 8, 2025 |

Finally, if a party is impermissibly resisting or frustrating discovery, a promptly filed motion to compel or the like is the appropriate response from the party seeking discovery, not a request for another continuance. To be clear: this will be the last extension here absent extraordinary circumstances.

Dated this 18th day of December, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 7