1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAY ISLAND YACHT CLUB,

                  Plaintiff,

    v.

CITY OF UNIVERSITY PLACE and CITY OF TACOMA,

                  Defendant.

CITY OF TACOMA,

                  Cross-Claimant,

    v.

CITY OF UNIVERSITY PLACE,

                  Cross-Defendant.

NO.  3:23-cv-05652-JNW

[PROPOSED] CONSENT DECREE

## I. STIPULATIONS

*Whereas*, Plaintiff Day Island Yacht Club (DIYC) filed a complaint on July 30, 2023, (Dkt.

1) against defendant the City of University Place (UP) alleging violations of the Clean Water Act,

33 U.S.C. § 1365, *et seq.*, per UP's Stormwater General National Pollution Discharge

Elimination System (NPDES) Phase 2 Municipal Stormwater Permit (UP Permit) issued by the

[PROPOSED] CONSENT DECREE- 1 of 13
(3:23-cv-05652-JNW)

Washington Department of Ecology (Ecology) and in relation to the stormwater pond that has historically been referred to as the Day Island Bridge Pond, the 27th Street Storm Detention Pond and the 27th Street-Lemons Beach West Road Pond (hereafter the "Pond").

*Whereas,* DIYC filed an amended complaint on March 15, 2024 (Dkt 27) against defendant the City of Tacoma (Tacoma) alleging violations associated with the Pond and general allegations under the Clean Water Act, 33 U.S.C. § 1365, *et seq.*, in relation to Tacoma's NPDES Phase I Municipal Stormwater Permit (Tacoma Permit) issued by Ecology.

*Whereas,* Tacoma filed Cross Claims on May 13, 2023 (Dkt 36) against UP alleging Tresspass and Public Nuisance.

*Whereas,* UP and Tacoma stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Tacoma's claims or allegations set forth in Tacoma's Cross Claims against UP.

*Whereas,* DIYC, UP and Tacoma (collectively the "Parties") stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding DIYC's claims or allegations set forth in its amended complaint, sixty-day notice to UP, and sixty-day notice to Tacoma.

*Whereas,* the Parties and the Court by entering this Decree finds, that this Decree has been negotiated by the Parties in good faith, that the Decree is fair and reasonable, in the public interest, and that entry of this Consent Decree is the most appropriate means of resolving this action.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

DAY ISLAND YACHT CLUB

BY _Brian Glassley_
Brian Grassley
Commodore

Date: _10-13-25_

CITY OF TACOMA

BY _Victor K. Woodards_
Victoria Woodards
Mayor

Date: _10/7/25_

CITY OF UNIVERSITY PLACE

BY _Stephen P. Sugg_
Stephen P. Sugg
City Manager

Dated: _10/8/25_

## II. ORDER AND DECREE

THIS MATTER come before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the forgoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.      This Court has jurisdiction over the Parties and the subject matter of this action pursuant to federal law, specifically, the Clean Water Act (CWA), 33 U.S.C. § 1365, and under this Court's supplemental jurisdiction for Tacoma's crossclaims asserted against UP. See, 28 U.S.C. § 1367.

2.      Each signatory for the Parties certifies for that Party that he or she is authorized to enter into the agreement set forth herein and to legally bind the Party. This Consent Decree extends to the Parties, their successors in interest, and assigns.

3.      This Consent Decree, along with a separate agreement between DIYC and UP addressing items that will survive the termination of the Consent Decree, is a full and complete settlement and release of all claims in DIYC's Amended Complaint, sixty-day notice letter to UP,

[PROPOSED] CONSENT DECREE- 3 of 13
(3:23-cv-05652-JNW)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

sixty-day notice letter to Tacoma, Tacoma's cross claims, and all other claims known or unknown that exist as of the date of entry of the Consent Decree as to existing stormwater infrastructure, alleged existing stormwater infrastructure, and discharges to and/or from said infrastructure that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice.

4.      UP's payment of attorney's fees and litigation costs set forth in Paragraph 17 of the Consent Decree, and Tacoma's payment of attorney's fees and litigation costs set forth in Paragraph 18 of the Consent Decree, will be in full and complete satisfaction of any claims DIYC and Gordon Thomas Honeywell LLP have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in relation to this lawsuit. Enforcement of this Consent Decree is the Parties exclusive remedy for any violation of its terms, except as provided in ¶14.

5.      This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations asserted by any party in this case or any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of UP and/or Tacoma, their respective employees, agents, contractors, customers, or other third parties.

6.      Upon entry of the Consent Decree, UP will implement the following injunctive relief:

        a.      UP will install a hydro-dynamic separator (HDS) in the vicinity of the intersection of 27th Street West, Vista Place West and Day Island Bridge Road West that will be operational within 18 months from the date of

[PROPOSED] CONSENT DECREE- 4 of 13
(3:23-cv-05652-JNW)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

entry of the Consent Decree. The HDS will meet the following requirements:

    i.      12-foot diameter;

    ii.     60 cubic-foot-per-second (CFS) capacity;

    iii.    Approved design pursuant to of Ecology's approved pre-treatment General Use Level Designation list.

b.    Within in 60 days of entry of this Consent Decree, UP will set project milestones and provide DIYC with those milestones, Thereafter UP will provide DIYC with periodic progress updates at least every 60 days between the entry of the Consent Decree and the date the HDS is operational.

c.    Upon the HDS becoming operational, UP will acknowledge that the HDS is part of its MS4 system under its Phase 2 National Pollutant Discharge Elimination System (NPDES) Permit and will maintain the HDS according to the NPDES Permit requirements and manufacturer specifications. UP shall provide DIYC with manufacturer information regarding the selected HDS, including the manufacturer's name, the model number and the manufacturer's specifications for installation and maintenance.

d.    UP agrees to maintain any associated and/or necessary stormwater infrastructure for the HDS. During the pendency of the Consent Decree, UP shall send DIYC and Tacoma a copy of records evidencing maintenance of the HDS.

e.    UP agrees to inspect, and coordinate BNSF Railway Company, successor

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

in interest to Northern Pacific Railway Company, or such other entity as appropriate (BNSF), to ensure the twin culverts underneath the railroad do not become blocked and continue to convey water to the Day Island Lagoon.

7.     In the event that UP proposes alterations or modifications to an existing UP Outfall or construction of a new or replacement outfall, or stormwater line, as part of installation of the HDS and that is located in Tacoma's jurisdiction, such proposal shall be subject to review and approval of the City of Tacoma, shall comply with applicable provisions of the Tacoma Municipal Code, federal and state law and regulations, including permit requirements, shall not interfere with the uses of the Property by the City of Tacoma. UP and Tacoma agree to coordinate and promptly process any necessary approvals or permit applications to effectuate the terms of this Agreement as to the HDS.

8.     Tacoma agrees to convey "as is" to UP, and UP agrees to accept, the stormwater infrastructure west of, or after, the last catch basin on Lemons Beach Road West prior to terminus as generally depicted in Exhibit A to the Consent Decree (Exhibit A).

9.     Tacoma will partially vacate a right of way prior to the boundary line adjustment (BLA) that will assist in creating the parcel as generally depicted in Exhibit A (Subject Parcel).

10.    Tacoma agrees to convey via Quit Claim Deed to UP any and all interest in the Subject Parcel "As-Is", and UP agrees to accept the same. Tacoma and UP agree to coordinate via appropriate legislation and with the Pierce County Boundary Review Board, as needed, for the adjustment of the municipal boundaries such that the Subject Parcel will be within UP's municipal boundary.

11.    Within six (6) months from the approval by the Boundary Review Board of the

[PROPOSED] CONSENT DECREE- 6 of 13
(3:23-cv-05652-JNW)

municipal boundary adjustment for the Subject Parcel, UP and Tacoma agree to coordinate an Interlocal Agreement that will provide for the following:

        a.     Access for the maintenance road (see Exhibit A);

        b.     Access to the westernmost catch basin prior to terminus (see Exhibit A); and

        c.     Attachment of the stormwater pipe from the HDS to Tacoma's stormwater infrastructure, and UP annual updates to Tacoma regarding any maintenance activity to the HDS.

12.    UP agrees that no additional stormwater will be diverted or redirected into the HDS or Day Creek from existing stormwater systems, including the Day Island Bridge. This does not preclude infill development or redevelopment of existing properties already using the existing stormwater system from continuing to use the existing stormwater system, including the HDS.

13.    DIYC acknowledges that it is agreeing that the HDS is being installed to serve as a stormwater treatment facility to remove sediment from stormwater before it is discharged to Puget Sound as a replacement of the pond that is situated between the 27th Street storm main outlet and the Twin Pipes.

14.    DIYC covenants not to sue or assert any claims (including CWA claims and/or tort claims) against UP and Tacoma and hereby waives and releases any and all claims related in any way to the pond, its use and/or functionality. DIYC does not waive any potential claims that may arise from future actions that do not arise out of use or maintenance of the pond, such as claims related to maintenance of the HDS. DIYC's release of claims includes any and all claims, known or unknown, including those claims that were asserted in the First Amended

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 · FACSIMILE (253) 620-6565

1    Complaint or which could have been asserted in this litigation.

2        15.    Tacoma covenants not to sue or assert any claims (including CWA claims and/or

3    tort claims) against UP and hereby waives and releases any and all claims related in any way

4    to UP's actions up to the date of the entry of the CD as to the pond, its use and/or functionality

5    as alleged within Tacoma's crossclaims. Tacoma does not waive any potential claims that may

6    arise from future actions that do not arise out of the use or maintenance of the pond as alleged

7    in Tacoma's cross-claims, such as claims related to maintenance of the HDS. Tacoma release

8    of claims includes any and all claims, known or unknown, including those claims that were

9    asserted in its cross-claims or which could have been asserted in this litigation

10

11        16.    Prior to the entry of the consent decree, DIYC shall provide UP and Tacoma with

12    payment instructions for reimbursement of its attorneys' fees as set forth in ¶17 and ¶18.

13        17.    UP agrees to pay DIYC $220,000 (Two Hundred Twenty Thousand Dollars) for

14    attorneys' fees within two weeks of entry of the consent decree.

15

16        18.    Tacoma agrees to pay DIYC $130,000 (One Hundred Thirty Thousand Dollars)

17    for attorneys' fees within two weeks of entry of the consent decree.

18        19.    DIYC agrees not to seek civil penalties, and/or a payment in lieu of penalty,

19    against Tacoma or UP arising from the claims asserted in this litigation.

20        20.    A force majeure event is an event outside the reasonable control of UP and/or

21    Tacoma that causes a delay in performing tasks required by this Consent Decree that cannot

22    be cured by due diligence. Delay in performance of a task required by this Consent Decree

23    caused by a force majeure event is not a failure to comply with the terms of this Consent

24    Decree. Events of force majeure include (a) acts of God; (b) flood, fire, earthquake or explosion;

25    (c) war, invasion, hostilities (whether war is declared or not), terrorist threats or acts, riot or

26

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

1    other civil unrest; (d) actions, embargoes or blockades in effect on or after the date of this

2    Consent Decree; (e) national or regional emergency; (f) strikes, labor stoppages or slowdowns

3    or other industrial disturbances; (g) epidemic, pandemic or similar influenza or bacterial

4    infection (which is defined by the United States Center for Disease Control as virulent human

5    influenza or infection that may cause global outbreak, or pandemic, or serious illness); (h)

6    emergency state; (i) shortage of power or transportation facilities; and (j) other similar events

7    beyond the reasonable control of the impacted Party. A Party affected by force majeure shall

8    continue to perform other obligations under this Consent Decree which have not been affected

9    by such force majeure. If such force majeure occurs after such Party delays to perform this

10   Consent Decree, it shall not be exempted from its corresponding liabilities. The Party impacted

11   by the force majeure event shall notify the other Parties in writing within 5 days of the

12   occurrence and the projected time needed to complete the task.

13       21.     This Court retains jurisdiction over this matter while this Consent Decree

14   remains in force. While this Consent Decree remains in force, this case may be reopened

15   without filing fees so that the Parties may apply to the Court for any further order that may be

16   necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding

17   the terms or conditions of this Consent Decree. In the event of a dispute regarding

18   implementation of, or compliance with, this Consent Decree, the Parties must first attempt to

19   resolve the dispute by meeting to discuss the dispute and any suggested measures for

20   resolving the dispute. Such a meeting will be held as soon as practical but must be held within

21   thirty (30) days after notice of a request for such a meeting to the other Party and its counsel

22   of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice,

23   either Party may file a motion with this Court to resolve the dispute. In the event that the dispute

[PROPOSED] CONSENT DECREE- 9 of 13
(3:23-cv-05652-JNW)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

is put before the Court for resolution, the prevailing or substantially prevailing party will be entitled to its reasonable attorneys' fees and litigation costs.

22.     The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency (EPA). Therefore, upon the filing of this Consent Decree by the parties, DIYC will serve copies of it upon the Administrator of the EPA and the U.S. Attorney General.

23.     This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates after eighteen (18) months after entry of the Consent Decree or after all completion of all tasks set forth above, whichever is later.

24.     The Parties participated in drafting this Consent Decree.

25.     This Consent Decree may be modified only upon a writing signed by the Parties and with approval of the Court.

26.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of any Party. The Parties agree to continue negotiations in good faith to cure any objections raised by the Court to entry of this Consent Decree.

27.     Except for those addresses for which no email address is provided below, Notifications required by this Consent Decree must be provided via email. For a notice or other communication regarding this Consent Decree to be valid, it must be sent to the receiving Party at the one or more email addresses listed below or to any other address designated by the receiving Party in a notice in accordance with this paragraph.

[PROPOSED] CONSENT DECREE- 10 of 13
(3:23-cv-05652-JNW)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

1

2      **If to Day Island Yacht Club:**                    **And to:**

3      Brian Grassley, DIYC Commodore                      Margaret Archer and Mitchell Wright
       Email: commondore@dayislandyc.org                   GORDON THOMAS HONEYWELL LLP
4                                                          Email: marcher@gth-law.com
5      Stanley Schmidtke,                                  Email: mwright@gth-law.com
       DIYC member and
6      designated DIYC representative
       Email: sonckr2@comcast.net

7
       **If to the City of University Place:**             **And to:**
8
       CITY OF UNIVERSITY PLACE                            Jeffrey S. Myers
9      c/o Jack Ecklund                                    LAW, LYMAN, DANIEL, KAMERRER &
10     Director of Public Works                            BOGDANOVCH, P.S.
       3609 Market Place West, Suite 200                   Email: jmyers@lldkb.com
11     University Place, WA 98467
                                                           Jennifer Crow
12     Matthew S. Kaser                                    SCHEER LAW
       CITY OF UNIVERSITY PLACE                            Email: jen@scheer.law
13     mkaser@cityofup.com

14     **If to the City of Tacoma:**                       **And to:**

15     Kristin Lamson                                      Tisha Pagalilauan
16     CITY OF TACOMA                                      Kyle Murphy
       Email: KLamson@tacoma.gov                           CASCADIA LAW GROUP
17                                                         E-mail: tpagalilauan@cascadialaw.com
                                                           E-mail: kmurphy@cascadialaw.com
18

19          Any party identified in the notice provisions above may affect a change in the notice

20     address by providing a notice complying with these provisions to all other parties listed. A notice

21     or other communication regarding this Consent Decree will be effective the day it is

22     transmitted. An email is effective the day it is sent so long as it is sent by 5 pm and on a

23     business day, or else it is effective the following business day.

24          DATED this 14th day of January, 2026 , 2025.

25
                                                    _____
26                                                  Honorable Jamal Whitehead


[PROPOSED] CONSENT DECREE- 11 of 13
(3:23-cv-05652-JNW)

                                    LAW OFFICES
                                    GORDON THOMAS HONEYWELL LLP
                                    1201 PACIFIC AVENUE, SUITE 2100
                                    TACOMA, WASHINGTON 98402
                                    (253) 620-6500 - FACSIMILE (253) 620-6565

1    Presented by:

2    GORDON THOMAS HONEYWELL LLP

3    By   *Margaret Archer*

4       Margaret Y. Archer, WSBA No. 21224
        GORDON THOMAS HONEYWELL LLP
5       1201 Pacific Avenue, Suite 2100
        Tacoma, WA 98402
6       Telephone: (253) 620-6500
        Email:  marcher@gth-law.com
7
        Dated:   10.12.25
8

9    Attorney for Plaintiff Day Island Yacht Club

10
     CITY OF UNIVERSITY PLACE
11

12   By                                          By
        Matthew S. Kaser, WSBA No. 32239            Jeffrey S. Myers, WSBA No. 16390
13      CITY OF UNIVERSITY PLACE                    LAW, LYMAN, DANIEL, KAMERRER
        3609 Market Place W., Suite 200            BOGDANOVCH, P.S.
14      University Place, WA 98466                 PO Box 11880
        Telephone: (253) 460-5426                  Olympia, WA 98508-1880
15      Email: mkaser@cityofup.com                 Telephone: (360) 357-3511
                                                   Email:  jmyers@lldkb.com
16
        Dated:   10 Oct. 7075          Dated:   10 Oct. 7075
17

18   By     Jennifer L. Crow, WSBA No. 43746
19          ~~Jessica Manchev, WSBA No. 61499~~
            Scheer.Law
20          2101 4th Ave Ste 830
            Seattle, WA 98121-2309
21          Telephone: (503) 446-1767
            Email: Jen@scheer.law
22          ~~Email: jessicam@scheer.law~~
23
            Dated: 10 Oct. 7075
24
     Attorneys for Defendant City of
25   University Place

26

[PROPOSED] CONSENT DECREE- 12 of 13
(3:23-cv-05652-JNW)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON  98402
(253) 620-6500 - FACSIMILE (253) 620-6565

1    Cascadia Law Group PLLC

2    By _____

3        Tisha Pagalilauan, WSBA No. 28217
         Kyle Murphy, WSBA No. 58643
4        CASCADIA LAW GROUP PLLC
         1201 Third Avenue, Suite 320
5        Seattle, WA  98101
         Telephone:  (206) 292-6300
6        E-mail: tpagalilauan@cascadialaw.com
         E-mail: kmurphy@cascadialaw.com
7
         Dated:  October 7, 2025
8

9        Attorneys for Defendant City of Tacoma

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] CONSENT DECREE- 13 of 13
(3:23-cv-05652-JNW)